IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FROTHINGER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JACQUES HIRSCHLER,<br><br>　　　　　　Defendant. | Case No. CIV S-00-1222 JKS<br><br><br>O R D E R |

**BACKGROUND**

Plaintiff Michael Frothinger filed a claim for relief under 42 U.S.C. § 1983, alleging violation of his Eighth Amendment rights. Jacques Hirschler, the only remaining Defendant, filed a motion for summary judgment on October 25, 2004. Docket No. 68. Defendant also filed a notice to Plaintiff regarding his obligations under Federal Rule of Civil Procedure 56. Id.; see also Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988). Plaintiff did not respond to the motion, and so the Court, "in an abundance of caution," issued an order outlining the requirements for opposing a motion for summary judgment. Docket No. 73. The Court also allowed Plaintiff until April 25, 2005, to oppose the motion. Plaintiff did not file an opposition, although he did file a motion for an extension of time on May 9, 2005. Docket No. 74. As the

1

extension will be denied, the motion for summary judgment is ripe for decision.

## DISCUSSION

The standards for summary judgment are well settled. Federal Rule of Civil Procedure 56 dictates that "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a); see also Fed. R. Civ. P. 56(b) (providing the same standard for parties defending a claim). Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will construe all evidence and draw all evidentiary inferences in favor of the nonmoving party. 10A Charles Alan Wright et al., Federal Practice & Procedure § 2727, at 459 & n.5 (3d ed. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970)).

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247–48

(emphasis in original).  The nonmoving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.  Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."  U.S. Const. amend. VIII.  The Eighth Amendment's prohibition of "cruel or unusual punishments" "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal citation and quotation omitted).  "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."'  Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  Estelle, 429 U.S. at 103.  Deliberate indifference to a prisoner's medical needs violates the Eighth Amendment's proscription of cruel and unusual punishment.  Id. at 104-105.  However, "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient,

as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges deliberate indifference to his medical needs following an injury sustained to his back. He was evaluated by physicians, and no physical indications of injury were found. He was, however, prescribed pain medication. Additionally, he had a MRI that was inconclusive. Later, another examination of Plaintiff's spine was conducted, and while nothing was found at that time either, the physician suggested that Plaintiff may be having muscle spasms. Thereafter Dr. Hirschler denied Plaintiff further orthopedic consultation and another MRI. In denying the request for further diagnostics, Dr. Hirschler wrote:

> It is . . . quite clear that there is discordance between the lack of objective neurologic findings and the intensity of the subjective symptoms that you report. I find no basis at the present time to order MRI scanning of the thoracic spine, physiotherapy, or for that matter an unnecessary orthopedic consultation. We will continue to monitor your condition with you.

Docket No. 70, Ex. H.

Plaintiff received continuous palliative care. While it may be true that more aggressive treatment such as surgery or physical therapy could have alleviated Plaintiff's pain as well or better than medications, it cannot be said that in choosing one course of treatment over another Dr. Hirschler displayed deliberate indifference to Plaintiff's medical needs. Jackson, 90 F.3d at 332. Plaintiff was provided medical care in accord with the Eighth Amendment. As there is no genuine issue of material fact regarding the constitutional sufficiency of Plaintiff's medical treatment, summary judgment is appropriate.

**IT IS THEREFORE ORDERED:**

Plaintiff's motion for an extension of time at **Docket No. 74** is **DENIED.** Defendant's motion for summary judgment at **Docket No. 68** is **GRANTED.**

Dated at Anchorage, Alaska, this __12__ day of December 2005.

/s/ James K. Singleton

**JAMES K. SINGLETON, JR.**

United States District Judge